UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                                          Case No.  15-cr-20823
            Plaintiff,

v.                                        Hon. Denise Page Hood

D-3 RICHARD DAVIS, a/k/a "Chop",

            Defendant.
_____/

## STIPULATED PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through its attorneys, Matthew Schneider, United States Attorney for the Eastern District of Michigan, and Paul A. Kuebler, Assistant United States Attorney, together with Defendant Richard Davis ("Defendant"), individually and by and through his attorney, Lisa B. Kirsch Satawa, Esq., hereby submit this Stipulated Preliminary Order of Forfeiture to the Court and stipulate and agree to the following:

1.      On June 14, 2016, the United States obtained a Superseding Indictment against Defendant.  (ECF No. 28).  The Indictment charged Defendant with Count Four, Conspiracy to Possess with Intent to Distribute a Controlled Substance (Cocaine) in violation of 18 U.S.C. §§ 841 and 846 and Count Six, Felon in Possession of a Firearm violation of 18 U.S.C. § 922(g)(1).

1

2. The Superseding Indictment contains a Forfeiture Allegation which provides notice that upon conviction of the offense charged in Count Four or Six of the Superseding Indictment, the Defendant shall, pursuant to 18 U.S.C. § 924(d), forfeit to the United States any firearm and ammunition involved in or used in the knowing commission of the offense, and, pursuant to 18 U.S.C. § 853, forfeit to the United States any property involved in the violations set forth in the Superseding Indictment

3. On or about March 30, 2017, Defendant pleaded guilty to Count Four (ECF No. 59).

4. In Defendant's Rule 11 Plea Agreement, he agreed to forfeit, pursuant to 18 U.S.C. § 853, property used, or intended to be used to commit, or to facilitate, the commission of the violations in Court Four, including, but not limited to, the firearms and ammunition that were seized by law enforcement in connection with this matter.

5. Specifically, the United States seeks to forfeit one (1) Springfield Arms XP .40 caliber handgun, S/N US190356 (the "Subject Property").

6. In entering into this Stipulation with respect to forfeiture, Defendant expressly waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of forfeiture at sentencing and incorporation of forfeiture in the judgment and

expressly waives his right to have a jury determine the forfeitability of his interest in the Subject Property.

7. In entering into this Stipulation with respect to forfeiture, Defendant acknowledges that he understands that forfeiture of the Subject Property is part of the sentence that may be imposed on him in this case and waives his right to challenge any failure by the Court to advise him of this at the time that his guilty plea is accepted pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J).

8. In entering into this Stipulation with respect to forfeiture, Defendant knowingly, voluntarily, and intelligently waives any challenge to forfeiture of the Subject Property based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

9. In entering into this Stipulation with respect to forfeiture, Defendant agrees to immediate entry of this Stipulated Preliminary Order of Forfeiture and agrees that this Order shall become final as to Defendant at entry.

Based on the Indictment, the Rule 11 Plea Agreement, this Stipulation, and other information in the record, and pursuant to 18 U.S.C. § 853, **THIS COURT ORDERS** that the Subject Property is **FORFEITED** to the United States for disposition according to law, and any right, title or interest of Defendant, and any right, title or interest that Defendant's heirs, successors or assigns have, or may have, in any of the Subject Property is **FOREVER EXTINGUISHED**.

3

**THIS COURT FURTHER ORDERS** that upon entry of this Stipulated Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), Rule 32.2 of the Federal Rules of Criminal Procedure, and other applicable rules, the United States shall publish notice of this Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov, for at least thirty consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property. The aforementioned notice shall direct that any person, other than Defendant, asserting a legal interest in any of the Subject Property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in any identified Subject Property. Any petition filed by a third party asserting an interest in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in any identified Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in any identified Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

4

**THIS COURT FURTHER ORDERS** that after the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

**THIS COURT FURTHER ORDERS** that pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Stipulated Preliminary Order of Forfeiture shall become final as to Defendant at entry and forfeiture of the Subject Property shall be made part of the Defendant's sentence and included in the Judgment.

**THIS COURT FURTHER ORDERS** that if no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided under 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2); further, the United States shall be authorized to dispose of the Subject Property as prescribed by law.

**THIS COURT FURTHER ORDERS** that if a third party files a petition for ancillary hearing for any of the Subject Property, the Court shall enter an Amended and/or Final Order of Forfeiture that addresses the disposition of the

5

third party petition as provided under Federal Rule of Criminal Procedure
32.2(c)(2).

*[The rest of this page intentionally left blank.]*

**THIS COURT FURTHER ORDERS** that it retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Agreed as to form and substance:

MATTHEW SCHNEIDER
United States Attorney

Paul A. Kuebler
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, MI 48226
(313) 226-9641
paul.kuebler@usdoj.gov
(NY 4268561)

Dated: February 12, 2018

Lisa B. Kirsch Satawa
Attorney for Defendant
144 West Maple Rd
Birmingham, MI 48009
(248) 792-3060
lkirschsatawa@gmail.com

Dated: February 12, 2018

Richard Davis
Defendant

Dated: February 12, 2018

*******************************************

**IT IS SO ORDERED.**

Dated: 3-13-18

Honorable Denise Page Hood
United States District Judge